UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**NATACHE D. RINEGARD-GUIRMA**,

    Plaintiff,

v.

**BANK OF AMERICA N.A., as successor Trustee by merger to LaSalle Bank N.A., as Trustee under the Pooling and Servicing Agreement Dated as of August 1, 2006, GSAMP Trust 2006 HE5**,

    Defendant.

Civil Case No. 3:13-CV-01423-KI

OPINION AND ORDER

    Natache D. Rinegard-Guirma
    5731 NE 10th Ave.
    Portland, OR 97211

        Pro se Plaintiff

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Natache Rinegard-Guirma moves to proceed *in forma pauperis*. An examination of the application reveals plaintiff is unable to afford the costs of this action. Accordingly, it is ordered that this action may go forward without payment of fees or costs.

However, under 28 U.S.C. § 1915(e)(2), the court may dismiss a case if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. I dismiss this action as frivolous.

Plaintiff filed this action *pro se* on August 14, 2013, eight days after I dismissed her similar lawsuit against the same defendant. Rinegard-Guirma v. US Bank National Association, 3:13-1072-PK, ECF No. 21 (D. Or. Aug. 6, 2013). In that earlier complaint, filed June 26, 2013 and referred to hereinafter as the "June Complaint," plaintiff alleged violations of the Fair Debt Collection Practices Act in an attempt to stop an ongoing judicial foreclosure proceeding the Bank of America had filed in the Circuit Court of the State of Oregon for the County of Multnomah, Case No. 1112-16030. The judicial foreclosure trial was set for August 7, 2013. I dismissed plaintiff's June Complaint without prejudice, relying on the Younger abstention doctrine. Younger v. Harris, 401 U.S. 37, 44-45 (1971).

Just as did the June Complaint, plaintiff's newly filed action implicitly asks this Court to intervene in a state court matter. Plaintiff reports that the judicial foreclosure held on August 7 and 8 resulted in a ruling in the Bank's favor. I take judicial notice[1] of the documents filed in

---

[1] The Court may take judicial notice of a fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes facts in the public record since they "are readily verifiable." Reyn's
(continued...)

Multnomah County Case No. 1112-16030 and note that during the foreclosure trial plaintiff filed a "Pocket Brief re: MERS Authority to Assign The Deed of Trust," the same argument she raises in her most recent Complaint. A judgment has yet to be entered in the Multnomah County case. For the same reasons set out in the Opinion and Order dismissing plaintiff's June Complaint–that is, the need to abstain from intervening in a pending state court proceeding–this action must also be dismissed.

A *pro se* litigant is generally entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the deficiencies cannot be cured by amendment. See Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623-24 (9th Cir. 1988). Here, dismissal without leave to amend is appropriate because it is apparent on the face of plaintiff's Complaint that the relief she seeks necessarily implicates Younger and requires dismissal.

Plaintiff is advised that any further actions against Bank of America, its officials and/or its agents lacking an arguable basis in law and fact may result in the *sua sponte* issuance of sanctions and/or the issuance of a vexatious litigant order. See Fed. R. Civ. P. 11; O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990). The appropriate venue for plaintiff to challenge the Multnomah County Circuit Court's rulings is in the Oregon Court of Appeals.

///

///

---

[1](...continued)
Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

## CONCLUSION

For the foregoing reasons, this case is dismissed with prejudice.

IT IS SO ORDERED.

DATED this     4th     day of September, 2013.


                                                /s/ Garr M. King
                                                Garr M. King
                                                United States District Judge